UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

WILNAR GEROME WILSON                    Case No. 13-12530-RBR

                                        Chapter 7

    Debtor.
_____/

### TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

Trustee, Kenneth A. Welt (the "Trustee"), by and through undersigned counsel, objects to the Debtor's claim of exemption and states:

1. On February 1, 2013, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code [D.E. #1] (the "Petition").

2. According to Schedule A to his Petition, the Debtor is the owner of a triplex located at 633 NW 11 Avenue #3, Ft. Lauderdale, FL 33311 (the "Triplex"), which he asserts is worth $206,000.00.

3. According to Schedule D to his Petition, the Triplex is encumbered by a Bank of America mortgage, which holds a secured claim in the amount of $149,865.00.

4. Based solely on the schedules, there is approximately $56,135.00 in equity in the Triplex.

5. According to Schedule C to his Petition, the Debtor asserts an exemption in the amount to $62,135.00 ($6,000.00 in excess of the equity he asserts in the Triplex) pursuant to Fla. Const. art. X, § 4(a)(1) and Fla. Stat. §§ 222.01 & 222.02.

6. On March 12, 2013, at the § 341 meeting, the Debtor admitted that he lives on one portion of the triplex, and rents out the remaining two.

7. The Debtor's exemption, however, is limited to one-third (1/3) of the equity in the Triplex, or $18,711.67, based on the Debtor's valuation. *In re Nofsinger*, 221 B.R. 1018 (Bankr.S.D.Fla.1998).

8. As such, based solely on his schedules, the Debtor is overexempt in the Triplex by $37,423.33.

## Memorandum of Law

9. Generally speaking, the Florida Constitutional homestead exemption is impenetrable, and is completely exempt from execution, even in Bankruptcy. *See Havoco of America, Ltd. v. Hill,* 255 F.3d 1321 (11th Cir. 2001). Prior to 1968, the Florida Constitution provided that ""[t]he exemption herein . . . shall not extend to more improvements or buildings than the residence and business house of the owner." Fla. Const. art. X, § 1 (1885), *amended by* Fla. Const. art. X, § 4(a)(1) (1968). In 1968, however, the Florida Constitution was amended to provide that a homestead is limited to:

> if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, . . . or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family . . . .

Fla. Const. art. X, § 4(a)(1).

10. In *Nofsinger,* 221 B.R. 1018, Judge Hyman considered whether, pursuant to the Florida Constitution (as amended), an indivisible property which is rented out in part by the debtor is exempt from sale by the trustee. The debtor in *Nofsinger* owned a parcel of real property. *Id.* at 1020. The debtor rented out a portion of the real property to a third party, and he and his family resided on the other portion. *Id.* Pursuant to local zoning laws, the property could not be divided, and the rented property could not be sold without the sale of the portion on which

the debtor resided. *Id.* As such, the debtor asserted that the entire property was exempt. *Id.* The trustee objected. *Id.*

11. Judge Hyman held that the Florida Constitution is clear that property that is rented is nonexempt, even if part of an indivisible parcel on which the debtor lives. *Id.* at 1021. Judge Hyman also reiterated that for "property that is deemed to be partially exempt, but is indivisible. . . . the trustee may sell the whole property and the court will apportion the proceeds."

12. In conclusion, two-thirds of the Triplex is nonexempt. If those two units may be sold individually, then they are property of the Estate, and the Trustee should be authorized to sell those units. If they may not be sold individually, but must be sold as a triplex, then the Trustee should be authorized to sell the property as a whole, and apportion the proceeds to account for the Debtor's exemption.

WHEREFORE, the Trustee requests this Court enter an order (1) sustaining the Trustee's Objection to the Debtor's claim of exemption as to the Triplex; (2) authorizing the Trustee to (a) sell the Triplex, if the units are indivisible, or (b) sell the units in which the Debtor does not reside, if the units are dividable; and (3) entering such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

**MARSHALL GRANT, P.L.**
Proposed Attorneys for the Trustee
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.672.7580
Facsimile No. 561.672.7581
Email:  lpecan@marshallgrant.com

By:   /s/ Lawrence E. Pecan
           LAWRENCE E. PECAN
           Florida Bar No. 99086

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th Day of March, 2013, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served today on the the attorney for the Debtor, the United States Trustee, and any other party who has filed an appearance in this case by CM/ECF.

                                        /s/ Lawrence E. Pecan  
                                        LAWRENCE E. PECAN